UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Noelle Wright, | : |
|           Plaintiff, | :    Case No. 1:18-cv-03904-AT |
| v. | :    JUDGE TOTENBERG |
| Bare Escentuals Beauty, Inc., | : |
|           Defendant. | : |

## ANSWER OF DEFENDANT BARE ESCENTUALS BEAUTY, INC.

Defendant Bare Escentuals Beauty, Inc. ("Defendant"), by and through its undersigned attorneys, answers Plaintiff Noelle Wright's ("Plaintiff") Complaint ("Complaint") as follows:

### FIRST DEFENSE

1. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

2. Plaintiff lacks standing to assert the claims set forth in Plaintiff's Complaint and, to the extent she has standing to bring her Complaint, Plaintiff lacks standing to challenge any alleged barriers not specifically identified and set forth in her Complaint and any alleged barriers for which she has failed to explain how they

impaired her ability to access the premises or impaired her alleged enjoyment of the same.

## THIRD DEFENSE

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations and/or notice requirements.

## FOURTH DEFENSE

4. Assuming *arguendo* that any guidelines, including the ADA Accessibility Guidelines, were deemed to be relevant in this case, any deviations from those guidelines are *de minimis* and within conventional building industry tolerances for field conditions.

## FIFTH DEFENSE

5. Plaintiff's claims are barred by the equitable doctrines of estoppel, unclean hands, unjust enrichment, laches, waiver, and any other equitable defense. Without limitation, upon information and belief, Plaintiff failed to take reasonable measures to learn of or use the accessible facilities at this premises. Further, Plaintiff failed to request any adaptations, modifications, alternative services, or other changes to the premises prior to initiating this lawsuit.

## SIXTH DEFENSE

6. Certain modifications, alterations, barrier removal or alternative methods demanded by Plaintiff are structurally impracticable or technically infeasible.

## SEVENTH DEFENSE

7. An existing alternative design provides substantially equivalent or greater access to and usability of the facility.

## EIGHTH DEFENSE

8. Plaintiff's claims are barred to the extent that some or all of the changes she seeks are, or will be, moot.

## NINTH DEFENSE

9. Upon information and belief, Plaintiff's claims are barred, in whole or in part, because Plaintiff was not a bona fide patron of Defendant's and, if she visited the premises, she visited solely for purposes of initiating the instant litigation.

## TENTH DEFENSE

10. Defendant reserves the right to assert any additional defenses that may become available to it throughout this litigation.

1. In response to Plaintiff's unnumbered "Introduction" paragraph, Defendant admits that Plaintiff seeks to enjoin Defendant from the conduct listed therein, but

denies that Defendant has engaged in any such conduct and further denies that Plaintiff is entitled to injunctive relief or any relief whatsoever.

2.      In response to Paragraph 1 of the Complaint, Defendant admits that this Court has jurisdiction over this matter.  Defendant denies that Plaintiff is entitled to declaratory or injunctive relief, or any other relief whatsoever.

3.      In response to Paragraph 2 of the Complaint, Defendant admits that this Court is a proper venue for this matter.

4.      Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 3 of the Complaint, and so denies the same.

5.      In response to Paragraph 4 of the Complaint, Defendant admits that it is registered to and conducts business in the state of Georgia and operates the bareMinerals store identified in that Paragraph.  The remainder of Paragraph 4 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 4 of the Complaint.

6.      Defendant denies the allegations in Paragraph 5 of the Complaint.

7.     Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint, and so denies the same.

8.     Defendant denies the allegations in Paragraph 7 of the Complaint.

9.     Defendant denies the allegations in Paragraph 8 of the Complaint.

10.    Paragraph 9 of the Complaint states a legal conclusion to which no response is required.

11.    Defendant admits the allegations in Paragraph 10 of the Complaint.

12.    Defendant denies the allegations in Paragraph 11 of the Complaint.

13.    Defendant denies the allegations in Paragraph 12 of the Complaint.

14.    Paragraph 13 of the Complaint states a legal conclusion to which no response is required.

15.    Paragraph 14 of the Complaint states a legal conclusion to which no response is required.

16.    Paragraph 15 of the Complaint states a legal conclusion to which no response is required.

17.    Defendant denies the allegations in Paragraph 16 of the Complaint.

18.    Defendant denies the allegations in Paragraph 17 of the Complaint.

19.    Defendant denies the allegations in Paragraph 18 of the Complaint.

20. Paragraph 19 of the Complaint states a legal conclusion to which no response is required.

21. Defendant denies the allegations of Paragraph 20 of Plaintiff's Complaint, including subparts A (1)-(7), B (1)-(7), and C (1)-(5).

22. Defendant denies the allegations in Paragraph 21 of the Complaint.

23. Defendant denies the allegations in Paragraph 22 of the Complaint.

24. In response to Paragraph 23 of the Complaint, Defendant admits only that this Court is vested with the authority to grant the relief which Plaintiff seeks. Defendant denies that Plaintiff is entitled to that relief, or any relief whatsoever, and further denies any and all remaining allegations in Paragraph 23 of the Complaint.

25. In response to Paragraph 24 of the Complaint, Defendant re-asserts and re-avers Paragraphs 1-23 as if fully restated herein.

26. Paragraph 25 of the Complaint states a legal conclusion to which no response is required.

27. Paragraph 26 of the Complaint states a legal conclusion to which no response is required.

28. Paragraph 27 of the Complaint states a legal conclusion to which no response is required.

29. Paragraph 28 of the Complaint states a legal conclusion to which no response is required.

30. Paragraph 29 of the Complaint states a legal conclusion to which no response is required.

31. Paragraph 30 of the Complaint states a legal conclusion to which no response is required.

32. Paragraph 31 of the Complaint states a legal conclusion to which no response is required.

33. Paragraph 32 of the Complaint states a legal conclusion to which no response is required.

34. Defendant denies the allegations in Paragraph 33 of the Complaint.

35. Defendant denies the allegations in Paragraph 34 of the Complaint.

36. Defendant denies the allegations in Paragraph 35 of the Complaint, including subparts (a) - (g).

37. Defendant denies the allegations in Paragraph 36 of the Complaint.

38. Defendant denies the allegations in Paragraph 37 of the Complaint.

39. Defendant denies the allegations in Paragraph 38 of the Complaint.

40. Defendant denies the allegations in Paragraph 39 of the Complaint.

41. Defendant denies the allegations in Paragraph 40 of the Complaint.

42. Defendant denies the allegations in Paragraph 41 of the Complaint.

43. Paragraph 42 of the Complaint states a legal conclusion to which no response is required.

44. Paragraph 43 of the Complaint states a legal conclusion to which no response is required.

45. Defendant denies the allegations in Paragraph 44 of the Complaint.

46. Defendant denies the allegations in Paragraph 45 of the Complaint.

47. In response to Paragraph 46 of the Complaint, Defendant admits only that this Court is vested with the authority to grant the relief which Plaintiff seeks. Defendant denies that Plaintiff is entitled to that relief, or any relief whatsoever, and further denies any and all remaining allegations in Paragraph 46 of the Complaint.

48. In response to Paragraph 47 of the Complaint, Defendant re-asserts and re-avers Paragraphs 1-46 as if fully restated herein.

49. Paragraph 48 of the Complaint states a legal conclusion to which no response is required.

50. Paragraph 49 of the Complaint states a legal conclusion to which no response is required.

51.   Paragraph 50 of the Complaint states a legal conclusion to which no response is required.

52.   Paragraph 51 of the Complaint states a legal conclusion to which no response is required.

53.   Paragraph 52 of the Complaint states a legal conclusion to which no response is required.

54.   Paragraph 53 of the Complaint states a legal conclusion to which no response is required.

55.   Paragraph 54 of the Complaint states a legal conclusion to which no response is required.

56.   Paragraph 55 of the Complaint states a legal conclusion to which no response is required.

57.   Paragraph 56 of the Complaint states a legal conclusion to which no response is required.

58.   Paragraph 57 of the Complaint states a legal conclusion to which no response is required.

59.   Defendant denies the allegations in Paragraph 58 of the Complaint.

60.   Paragraph 59 of the Complaint states a legal conclusion to which no response is required.

61. Paragraph 60 of the Complaint states a legal conclusion to which no response is required.

62. Defendant denies the allegations in Paragraph 61 of the Complaint.

63. Defendant denies the allegations in Paragraph 62 of the Complaint.

64. Defendant denies the allegations in Paragraph 63 of the Complaint.

65. Defendant denies the allegations in Paragraph 64 of the Complaint.

66. Defendant denies the allegations in Paragraph 65 of the Complaint.

67. In response to Paragraph 66 of the Complaint, Defendant admits only that this Court is vested with the authority to grant the relief which Plaintiff seeks. Defendant denies that Plaintiff is entitled to that relief, or any relief whatsoever, and further denies any and all remaining allegations in Paragraph 66 of the Complaint.

68. In response to Paragraph 67 of the Complaint, Defendant re-asserts and re-avers Paragraphs 1-66 as if fully restated herein.

69. Paragraph 68 of the Complaint states a legal conclusion to which no response is required.

70. Paragraph 69 of the Complaint states a legal conclusion to which no response is required.

71.     Paragraph 70 of the Complaint states a legal conclusion to which no response is required.

72.     Paragraph 71 of the Complaint states a legal conclusion to which no response is required.

73.     Paragraph 72 of the Complaint states a legal conclusion to which no response is required.

74.     Paragraph 73 of the Complaint states a legal conclusion to which no response is required.

75.     Paragraph 74 of the Complaint states a legal conclusion to which no response is required.

76.     Defendant denies the allegations in Paragraph 75 of the Complaint.

77.     Defendant denies the allegations in Paragraph 76 of the Complaint.

78.     Defendant denies the allegations in Paragraph 77 of the Complaint.

79.     Defendant denies the allegations in Paragraph 78 of the Complaint.

80.     In response to Paragraph 79 of the Complaint, Defendant admits only that this Court is vested with the authority to grant the relief which Plaintiff seeks. Defendant denies that Plaintiff is entitled to that relief, or any relief whatsoever, and further denies any and all remaining allegations in Paragraph 79 of the Complaint.

81. In response to Paragraph 80 of the Complaint, Defendant re-asserts and re-avers Paragraphs 1-79 as if fully restated herein.

82. Paragraph 81 of the Complaint states a legal conclusion to which no response is required.

83. Paragraph 82 of the Complaint states a legal conclusion to which no response is required.

84. Paragraph 83 of the Complaint states a legal conclusion to which no response is required.

85. Paragraph 84 of the Complaint states a legal conclusion to which no response is required.

86. Paragraph 85 of the Complaint states a legal conclusion to which no response is required.

87. Defendant denies the allegations in Paragraph 86 of the Complaint.

88. Defendant denies the allegations in Paragraph 87 of the Complaint.

89. Paragraph 88 of the Complaint states a legal conclusion to which no response is required.

90. Defendant denies the allegations in Paragraph 89 of the Complaint, including subparts (a) – (e).

91. Paragraph 90 of the Complaint states a legal conclusion to which no response is required.

92. Defendant denies the allegations in Paragraph 91 of Plaintiff's Complaint.

93. Paragraph 92 of the Complaint states a legal conclusion to which no response is required.

94. Defendant denies the allegations in Paragraph 93 of Plaintiff's Complaint.

95. In response to Paragraph 94 of the Complaint, Defendant admits only that this Court is vested with the authority to grant the relief which Plaintiff seeks. Defendant denies that Plaintiff is entitled to that relief, or any relief whatsoever, and further denies any and all remaining allegations in Paragraph 94 of the Complaint.

96. In response to Paragraph 95 of the Complaint, Defendant re-asserts and re-avers Paragraphs 1-94 as if fully restated herein.

97. Paragraph 96 of the Complaint states a legal conclusion to which no response is required.

98. Paragraph 97 of the Complaint states a legal conclusion to which no response is required.

99. Paragraph 98 of the Complaint states a legal conclusion to which no response is required.

100. Paragraph 99 of the Complaint states a legal conclusion to which no response is required.

101. Defendant denies the allegations in Paragraph 100 of the Complaint.

102. Defendant denies the allegations in Paragraph 101 of the Complaint.

103. Paragraph 102 of the Complaint states a legal conclusion to which no response is required.

104. Defendant denies the allegations in Paragraph 103 of the Complaint, including subparts (a) – (k).

105. Defendant denies the allegations in Paragraph 104 of Plaintiff's Complaint.

106. Defendant denies the allegations in Paragraph 105 of Plaintiff's Complaint, including subparts (a) – (e).

107. Paragraph 106 of the Complaint states a legal conclusion to which no response is required.

108. Defendant denies the allegations in Paragraph 107 of Plaintiff's Complaint.

109. Paragraph 108 of the Complaint states a legal conclusion to which no response is required.

110. Defendant denies the allegations in Paragraph 109 of Plaintiff's Complaint.

111. In response to Paragraph 110 of the Complaint, Defendant admits only that this Court is vested with the authority to grant the relief which Plaintiff seeks.

Defendant denies that Plaintiff is entitled to that relief, or any relief whatsoever, and further denies any and all remaining allegations in Paragraph 110 of the Complaint.

112. In response to Plaintiff's request for relief ("WHEREFORE 1-12"), Defendant denies that Plaintiff is entitled to any of the relief she requests.

This 10th day of October, 2018.

        Respectfully submitted,

        *s/ Megan Mathews Noble*
        Barbara A. Marschalk, GA Bar #324498
        MarschalkB@deflaw.com
        Megan Mathews Noble, GA Bar #477009
        MNoble@deflaw.com
        DREW, ECKL, FARNHAM LLP
        303 Peachtree St. NE, Suite 3500
        Atlanta, Georgia 30308
        (404) 885-1400

        ***Attorneys for Defendant***
        ***Bare Escentuals Beauty, Inc.***

## **CERTIFICATE OF FONT COMPLIANCE**

Counsel for Defendant Bare Escentuals Beauty, Inc. hereby certifies that the forgoing has been prepared with one of the font and point selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 10th day of October, 2018.

                                              *s/ Megan Mathews Noble*
                                              Barbara A. Marschalk, GA Bar #324498
                                              MarschalkB@deflaw.com
                                              Megan Mathews Noble, GA Bar #477009
                                              MNoble@deflaw.com
                                              DREW, ECKL, FARNHAM LLP
                                              303 Peachtree St. NE, Suite 3500
                                              Atlanta, Georgia 30308
                                              (404) 885-1400

                                              ***Attorneys for Defendant***
                                              ***Bare Escentuals Beauty, Inc.***

8272039/1
07715-134718

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Noelle Wright, | : | |
| | : | Case No. 1:18-cv-03904-AT |
| Plaintiff, | : | |
| | : | JUDGE TOTENBERG |
| v. | : | |
| | : | |
| Bare Escentuals Beauty, Inc., | : | |
| | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for Defendant Bare Escentuals Beauty, Inc. and that I have this day served the foregoing *ANSWER OF DEFENDANT BARE ESCENTUALS BEAUTY, INC.* upon all parties to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to the following counsel of record:

H. Alison Burns
L. Landis Sexton
Tracy G. BirdSong
ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, AL 36106

This 10th day of October, 2018.

- 2 -

        *s/ Megan Mathews Noble*
        Barbara A. Marschalk, GA Bar #324498
        MarschalkB@deflaw.com
        Megan Mathews Noble, GA Bar #477009
        MNoble@deflaw.com
        DREW, ECKL, FARNHAM LLP
        303 Peachtree St. NE, Suite 3500
        Atlanta, Georgia 30308
        (404) 885-1400

        ***Attorneys for Defendant***
        ***Bare Escentuals Beauty, Inc.***